# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

           Plaintiff,    :    Case No. 3:21-cr-129
                                                    Civil case 3:23-cv-00255

                                                    District Judge Thomas M. Rose
  -  vs  -                                        Magistrate Judge Michael R. Merz

HARVEY T. CULBRETH,

           Defendant.    :

## REPORT AND RECOMMENDATIONS

This criminal case is before the Court on Defendant's Motion to Vacate his conviction, brought *pro se* under 28 U.S.C. § 2255 (ECF No. 53). The Motion to Vacate has been referred to the undersigned for a report and recommendations (ECF No. 54). The Motion to Vacate is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

**Litigation History**

Defendant was indicted for knowingly possessing a firearm on August 30, 2021, at a time when he had previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(Indictment, ECF No. 15). Represented by appointed counsel, he entered into a Plea Agreement with the United States which required him to plead guilty to that charge in return for a recommendation of a sentence not exceeding eighty-four months (ECF No. 39). As part of the Plea Agreement, he waived his right to appeal and to attack the conviction collaterally through a motion to vacate under § 2255. *Id.* at ¶ 8, PageID 109. Judge Rose accepted the Plea Agreement and Defendant's guilty plea. After a Presentence Investigation, on March 8, 2023, he sentenced Defendant to seventy-two months imprisonment and three years supervised release (ECF No. 49, 52). Defendant took no appeal, but filed the instant Motion to Vacate August 29, 2023.[1]

# Analysis

The Magistrate Judge concludes the Motion to Vacate should be dismissed with prejudice for two reasons: Defendant waived his right to file a § 2255 Motion and the Motion is without merit.

**Waiver**

¶ 8 of the Plea Agreement provides:

---

[1] This is the date the Motion was deposited in the prison mail system. It counts as the date of filing under the "mailbox rule." *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

> **Waiver of Appeal:** In exchange for the concessions made by the USAO in this plea agreement, the Defendant waives the right to appeal the conviction and sentence imposed, except if the sentence imposed exceeds the statutory maximum. Defendant also waives the right to attack his conviction or sentence collaterally, such as by way of a motion brought under 28 U.S.C. § 2255, or to seek a reduction of sentence under 18 U. S.C. § 3582(c)(l)(B) or (c)(2). However, this waiver shall not be construed to bar a claim by the Defendant of ineffective assistance of counsel or prosecutorial misconduct.

(ECF No. 39, PageID 109). Plea agreements in criminal cases are contractual in nature and are therefore interpreted and enforced in accordance with traditional contract law principles. *United States v. Lukse*, 286 F.3d 906, 909 (6th Cir. 2002).

Principles of contract law are generally applicable to the interpretation and enforcement of plea agreements. *United States v. Wells*, 211 F.3d 988, 995 (6th Cir. 2000); *State v. Bethel*, 110 Ohio St. 3d 416 (2006). In the construction of plea agreements, as with all contracts, courts should give effect if possible to every provision. *United States v. Rourke*, 74 F.3d 802, 807 (7th Cir. 1996); *United States v. Brye*, 146 F.3d 1207, 1211 (10th Cir. 1998). The Sixth Circuit interprets plea agreements according to traditional contract law principles and construes ambiguities against the government. *United States v. Bowman*, 634 F.3d 357, 360 (6th Cir. 2011). A court must give effect to the intent of the parties as expressed by the plain language of the plea agreement. *United States v. Beals*, 698 F. 3d 248, 256 (6th Cir. 2012).

"When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement for consideration, such a promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257 (1971).

A defendant in a federal criminal case may waive his right to appeal so long as the waiver is valid. *United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017); *United States v. Beals*, 698 F.3d 248, 255 (6th Cir. 2012); *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012); *United*

*States v. Wilson*, 438 F.3d 672, 673 (6th Cir. 2006).*United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004); *United States v. Fleming,* 239 F.3d 761, 763-64 (6th Cir. 2001). Only challenges to the waiver itself will be entertained on appeal. *United States v. Toth*, 668 F.3d 374 (6th Cir. 2012). A defendant who has knowingly, intelligently, and voluntarily agreed not to contest his sentence in any post-conviction proceeding has waived the right to file a § 2255 motion. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001).  This waiver also precludes attacks based on new law, e.g., claims under *Johnson v. United States*. *In re: Garner*, Case No. 16-1655, 2016 U.S. App. LEXIS 19996 (6th Cir. Nov. 2, 2016).

Defendant did not contest the validity of the Plea Agreement on appeal and does not now claim it is invalid.  Filing the Motion to Vacate is a clear violation of Defendant's obligations under the Plea Agreement.  The Court should enforce the Plea Agreement by dismissing the Motion to Vacate with prejudice.

**Merits**

Alternatively, the Motion to Vacate should be dismissed because it is without merit.

Defendant asserts that 18 U.S.C. § 922(g)(1), the statute under which he was convicted, violates the Second Amendment (Motion, ECF No. 53, PageID 223).  He makes no textual argument, but cites *N. Y. State Rifle & Pistol Assn.. v. Bruen*, 142 S. Ct. 2111 (2022); *United States v. Rahimi*, 61 F. 4th 443 (5th Cir. Mar. 2, 2023); *United States v. Bullock*, 2023 U.S. Dist. Lexis 112397 (S.D. Miss. Jun. 28, 2023); and *Range v. Attorney General, United States*, 53 F.4th 262 (3rd Cir. Nov. 16, 2022), rehearing *en banc* granted 56 F.4th 992 (Jan. 6, 2023).

In *Bruen* the Supreme Court invalidated New York's requirement that persons carrying loaded firearms outside of their homes be licensed to do so, with licenses only available to those who demonstrated a need for self-defense. *Bruen* extended the holding in *McDonald v. City of Chicago*, 561 U.S. 742 (2010), and *District of Columbia v. Heller,* 554 U.S. 570 (2008), that the Second Amendment creates a fundamental individual right to keep and bear arms. It rejected the means-ends tests adopted by most circuits for assessing Second Amendment claims and held

> We reiterate that the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

142 S. Ct 2129-30.

In *Rahimi*, the Fifth Circuit held 18 U.S.C. § 922(g)(8) to be unconstitutional under the Second Amendment. § 922(g)(8) prohibits the possession of a firearm by a person subject to a domestic violence protection order that meets certain specifications. The Fifth Circuit held the government had not met its burden of showing the statute was "consistent with the nation's historical tradition of firearm regulation . . . that delimits the outer bounds of the right to keep and bear arms." Because *Rahimi* is the decision of a circuit court other than the Sixth, it is not binding on this Court. Moreover, its persuasiveness as precedent is limited by the fact that the Supreme Court has granted certiorari to review it. *United States v. Rahimi*, 143 S. Ct. 2688 (Jun. 30, 2023). Most importantly, it deals with a different subsection of 922(g) and historically disarming convicted felons is quite distinct from disarming persons subject to a domestic violence protection order. Under *Bruen*, that different history counts.

In *Range*, the Third Circuit upheld § 922(g)(1) as applied to a person disqualified from firearms possession by felony welfare fraud and noted that its decision was consistent with *Bruen* in that disarming of felons was well within the Nation's historical tradition of firearms control. It noted:

> Justice Scalia's majority opinion in Heller twice described "prohibitions on the possession of firearms by felons" as both "longstanding" and "presumptively lawful[.]" 554 U.S. 626-27 & n.26.12 Writing for the McDonald plurality, Justice Alito "repeat[ed] those assurances." 561 U.S. at 786.

53 F.4th at 273.

*Bullock* was before the district court on a motion to dismiss the indictment under 922(g)(1). The District Judge granted the motion because the Government had not submitted any evidence from historians about disarming convicted felons; the court did not itself analyze any history.

In sum, § 922(g)(1) prohibiting firearm possession by those previously convicted of a felony meets the constitutional test of *Bruen* and is therefore not unconstitutional.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Motion to Vacate be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 12, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*<br>
United States Magistrate Judge